IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JESSIE DEMONTRAE HUBBARD, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:12-cv-00531 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DEPUTY SHERIFF EBERSTEIN, *et al.*, | ) | By: Norman K. Moon |
|     Defendants. | ) | United States District Judge |

Plaintiff Jessie Demontrae Hubbard, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. §1983, alleging that the defendants, Deputy Sheriff Eberstein and Sheriff Johnson, violated his constitutional rights when Hubbard's arm was closed in a "malfunction[ing]" cell door which Eberstein was operating and when Hubbard was provided inadequate medical treatment thereafter. Upon review of Hubbard's complaint, I find that he has failed to state a claim of constitutional magnitude against either of the named defendants and, therefore, I will dismiss his complaint pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Hubbard alleges that on October 6, 2012, his cell door "malfunction[ed]" while defendant Eberstein was operating it, causing the door to close on Hubbard's arm. Hubbard states that the whole incident lasted "a few seconds." After the incident, medical staff took x-rays of Hubbard's arm and determined that he suffered "soft tissue damage." Hubbard argues that he has "documented invoices stating that his injuries are superficial" and that his arm "may need exercising." Hubbard alleges that he "still suffers from periodic spurts of pain." Although he states that he has been examined by medical staff on multiple occasions, Hubbard argues that his medical treatment has been inadequate because there could be other injuries lying "dormant."

## II.

Although the Constitution does not mandate "comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), a prisoner's placement in dangerous surroundings may violate the Eighth Amendment's prohibition against the imposition of cruel and unusual punishments. *See Arnold v. S.C. Dep't of Corr.*, 843 F.Supp. 110, 112 (D.S.C. 1994). To state a claim under the Eighth Amendment, which prohibits the "unnecessary and wanton infliction of pain," a prisoner must show 1) a sufficiently serious deprivation and 2) that the prison official or officials acted with a sufficiently culpable state of mind-- in this case, with deliberate indifference. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Hubbard does not allege that either defendant knew that Hubbard's cell door might malfunction or that either of them caused the door to malfunction and, thus, I find that he has not demonstrated that either defendant acted with deliberate indifference. Further, several courts considering the existence of malfunctioning or improperly maintained prison equipment have held that such conditions, even where prison officials were alleged to have known of them, did not rise to the level of a constitutional violation.

In *Bibbs v. Armontrout*, 943 F.2d 26 (8th Cir. 1991), an inmate working in a license plate plant lost two fingers when those fingers became entangled in the gears of an "inker," from which the guards covering the gears had been removed. The prisoner alleged a violation of the Eighth Amendment, asserting that prison officials knew of the dangerous condition of the inker and were deliberately indifferent to his safety. The court concluded, however, that plaintiff's claim amounted to a claim of negligence, a claim which is not cognizable in a § 1983 action, and dismissed the claim.

In *Benson v. Cady*, 761 F.2d 335 (7th Cir. 1985), an inmate alleged that prison officials failed to inspect and maintain cell beds and exercise equipment which, in two incidents, fell and

injured the inmate plaintiff. The Seventh Circuit held that plaintiff's allegations were merely assertions that prison officials did not exercise due care, and not evidence of deliberate indifference to an unreasonable risk of harm posed by the inmate's physical environment needed to state a claim under the Eighth Amendment.

Finally, in *Arnold*, 843 F.Supp. at 110, an inmate plaintiff alleged that prison officials failed to repair an improperly functioning kitchen steam pot that overturned, causing hot water to severely burn and scald the plaintiff. The court determined that plaintiff, who had presented evidence that the improper functioning of the pot was "common knowledge," had presented, at best, evidence sufficient to go forward on a claim of negligence. *Id.* at 113. The court declined, however, to extend liability under the Eighth Amendment to a case of improperly functioning kitchen equipment because such extension "would give constitutional recognition to run-of-the-mill negligence actions." *Id.*

In this case, Hubbard's allegations, like the allegations in *Arnold*, *Benson*, and *Bibbs,* state, at best, a claim for negligent failure to ensure that the prison equipment was functioning properly. However, an allegation of mere negligence as to an inmate's health and safety is not actionable under §1983. *See Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793 (4th Cir. 1987). Accordingly, I find that Hubbard has not demonstrated that either defendant acted with deliberate indifference in causing his arm injury and, therefore, has not stated a constitutional claim.[1]

### III.

In order to state a cognizable claim for denial of medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate a deliberate indifference to a

---

[1] Further, while a claim of negligence may be actionable under Virginia law, I decline to exercise supplemental jurisdiction over any state law claims which are suggested in this proceeding.

serious medical need. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must present facts to demonstrate that the defendant had actual knowledge of and disregard for an objectively serious medical need. *Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Rish v. Johnson*, 131 F.2d 1092, 1096 (4th Cir. 1997).

Hubbard admits that he has been evaluated by medical professionals on multiple occasions and nothing in Hubbard's complaint suggests that he was provided inadequate medical treatment for his arm injury. Further, even if Hubbard could show that his medical treatment was inadequate, a medical treatment claim cannot be brought against a supervisory official absent an allegation that the official was personally connected with the denial of medical treatment. *Vinnledge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). Hubbard makes no such allegation regarding either of the defendants and, therefore, I find that he has failed to state a constitutional claim.

### IV.

For the stated reasons, Hubbard's complaint is dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim.

**ENTER**: This 14th day of January, 2013.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE